UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID CROWDER, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-346 PS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent | ) | |

## OPINION AND ORDER

*Pro se* Petitioner David Crowder, an inmate at the Westville Correctional Facility in Westville, Indiana, was charged with setting a fire without authorization. After exhausting his administrative remedies, Crowder petitioned for relief under 28 U.S.C. § 2254. The Response filed on behalf of Respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its response, the Attorney General of Indiana has submitted the administrative record, including documents designated A through F, which sets out the underlying procedures in this conduct adjustment board (CAB) proceeding. Petitioner filed an Answer to Response to Show Cause Allegations as his traverse.

### I. FACTUAL BACKGROUND

On January 30, 2004, Officer James prepared a conduct report charging Crowder with setting a fire without authorization. (Ex. A.) The officer saw Crowder come out of a room with "a ball of fire in his hand." *Id.* Curiously, when asked by Officer James what he was doing with the fire, Crowder said he was "burning his hair." (*Id.*) On February 4, 2004, Crowder was notified of the charge against him. (Ex. B.) At the screening, Crowder pled not guilty, and did not request any witnesses. (*Id.*) He nonetheless requested a lay advocate and "copy of

evidence." (*Id.*)

The CAB hearing was held on February 9, 2004. (Ex. C.) At the hearing, Crowder stated that he was prepared to proceed, and again pled not guilty. (*Id.*) The CAB noted that there was no evidence available. (*Id.*) The CAB found Crowder guilty of the charge based on the staff reports – specifically because the prison official had observed Crowder with the fire – and Crowder's statement. (*Id.*) The sanction imposed was a 60-day earned credit time loss, and a one-month telephone and recreation loss. (*Id.*) The facility head and the final reviewing authority upheld the finding of guilt and the sanctions. (Exs. D & F.)

## II. STANDARD OF REVIEW

The loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution. *Wolff v. McDonnell*, 418 U.S. 539 (1974). As such, certain process is due to a prisoner before good time credit can be revoked. That process includes: "(1) advance written notice of the charges against [him] at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present documentary evidence in [his] defense when consistent with institutional safety and correctional goals; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994), citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 564, 566 (1974). For the hearing to be meaningful, the prisoner "should be afforded the opportunity to be heard before an impartial decision maker." *Id.*

The decision must be supported by "some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard has been repeatedly applied in

this circuit. *See Webb v. Anderson*, 224 F.3d 649, 650-51 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717, 719-20 (7th Cir. 1996). "This is a lenient standard, requiring no more than 'a modicum of evidence.'" *Webb*, 224 F.3d at 652 (citations omitted). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits "so long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *Id.* (citing *Hill*, 472 U.S. at 457). "'[T]he relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board.'" *Id.* (emphasis and alteration in original) (citing *Hill*, 472 U.S. at 455–56).

### III.  DISCUSSION

Crowder claims that the State violated his constitutional rights in three ways: (1) he was denied evidence he requested; (2) the conduct report was insufficient to support a finding of guilt; and (3) there was insufficient evidence to find him guilty.

**A.**   *Denial of Evidence*

Crowder alleges that he was denied physical evidence. The Notice of Disciplinary Hearing form (Ex. B) shows that Crowder requested physical evidence in the form of "copy of evidence." The CAB however was unable to provide any physical evidence because the only evidence available to the CAB was the officer's conduct report and Crowder's statement

In *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003), the court stated that the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), "requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." There are two functions of *Brady* in the prison disciplinary context. The first is to ensure that the disciplinary board considers all

3

relevant evidence.  *Id.*  The second is to enable the prisoner to present his best defense.  *Id.*

Crowder was not denied any exculpatory evidence because there was none.  The CAB relied only on the conduct report and Crowder's statement.  Crowder argues that he requested evidence, such as a video or ashes.  (Pet. Mem. at 6.)  But he didn't explicitly ask for this specific evidence during his screening.  Instead he made a generic request for "copy of evidence."  This is insufficient to support a constitutional claim.  *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002).  In any event, the CAB certainly reviewed all the relevant evidence, and Crowder was able to present his best defense.

**B.**     *Claims 2 & 3 - Sufficiency of the Evidence*

Crowder also alleges there was insufficient evidence to find him guilty of setting a fire without authorization.  Crowder's Petition alleges that the conduct report by itself isn't enough to support a finding of guilt.  In particular, he claims that the report is not "substantial" evidence of his guilt.  (Pet. at 3.)  The evidence, however, need not be "substantial."  As noted above, the amount of evidence needed in these types of cases is very modest.  There only needs to be "some" evidence and the conduct report alone is sufficient to meet this standard.  *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In finding Crowder guilty, the CAB expressly indicates that it relied upon the staff report and Crowder's statement.  (Ex. C.)  The conduct report explains the incident.  (Ex. A)  The reason Crowder was found guilty is clear; he set an unauthorized fire, which an officer observed.  Consequently, there was sufficient evidence to find him guilty, and Crowder's claims that his finding of guilt was based on insufficient evidence are denied.

## IV.  CONCLUSION

For all the reasons stated, and because it is clear that none of Crowder's constitutional rights have been violated, this Petition for relief under 28 U.S.C. §2254 is **DENIED.**

**SO ORDERED.**

ENTERED: October 20, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
